IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

SHERRY HOLLIS, )
)
        Plaintiff, )
)
vs. ) Case No. 15-3064-CV-S-ODS
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
)
        Defendant. )

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability benefits. The Commissioner's decision is affirmed.

## I. INTRODUCTION

Plaintiff was born in October 1967, completed high school, has an Associate's Degree, and has past work experience as a director of nursing service, general duty nurse, and a sales agent in business services. The ALJ determined Plaintiff's severe impairments included "arthritis, dysthymic disorder and degenerative joint disease of the right knee." R. at 13. The ALJ found Plaintiff has the residual functional capacity ("RFC") to:

> lift and carry 10 pounds frequently and 20 pounds occasionally. She is able to walk and stand for 2 hours in an 8-hour day with normal breaks and sit for up to 6 hours in an 8-hour day. The claimant can occasionally climb ramps or stairs, but never ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. The claimant is able to understand, carry out, and remember simple, routine, and repetitive tasks involving only simple, work-related decisions, with few if any, work place changes. In addition, the claimant is limited to only occasional interaction with the public and co-workers.

R. at 15. Based on the testimony of a vocational expert, the ALJ determined Plaintiff

could perform work as a bench assembler, folding machine operator, patcher, and bonder-semi-conductor. R. at 20.

## II. LEGAL STANDARD

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence when reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991) (citing *Hutsell v. Sullivan*, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## III. DISCUSSION

### A.

Plaintiff asserts the ALJ did not properly consider the medical opinion evidence of Dr. David Dale ("Dale"). Generally speaking, a treating source's opinion is entitled to deference. This general rule is not ironclad; a treating source's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *E.g.*, *Anderson v. Astrue*, 696 F.3d 790, 793-94 (8th Cir. 2012); *Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir. 2010); *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). The ALJ may discount a treating physician's opinion if the ALJ provides good reasons for doing so. *Davidson v. Astrue,* 501 F.3d 987, 990 (8th Cir. 2007).

The ALJ discounted Dale's opinions for two reasons. First, the ALJ found Dale's opinions were inconsistent with his own treatment notes. Specifically, the ALJ determined Dale's opinions stated Plaintiff's condition was much worse than his own

2

treatment notes suggest.  R. at 18.  While Dale notes Plaintiff has some decreased strength and gait disturbance, these mere observations do not warrant the severe limitation of only being able to walk or stand for two hours out of an eight hour day.

Second, the ALJ discounted the limitations Dale described because they were inconsistent with activities in which Plaintiff engaged.  These activities include running errands, babysitting grandchildren, performing part-time work, doing laundry, and driving.  R. at 46-47, 155.  The ALJ found that these types of activities were inconsistent with Dale's proposed limitations.  Thus, the ALJ properly discounted Dale's opinion.

B.

Plaintiff alleges Dr. Kenneth Smith ("Smith"), the state agency consultant, formed his medical opinion without the benefit of subsequently created medical records and that the ALJ erred in not acknowledging this fact.  While it is true Smith did not have the benefit of subsequently created medical records, this does not undermine the consultant's opinion regarding Plaintiff's condition on the day the opinion was rendered.  Plaintiff does not provide, and the Court is not aware of, any legal authority which holds a consultant's medical opinion must be based on subsequently created medical records, or that the consultant's opinion necessarily must be discounted because it is not based on those records.  Thus, the Court discerns no error on this point.

More importantly, the additional records do not deprive the ALJ's decision of the support required by law.  While one medical record indicated Plaintiff's knee pain was worsening, several other medical records indicated her condition was improving.  R. at 399, 430.   Overall, the substantial evidence of record does not indicate greater limitations than Smith assigned to Plaintiff.  The ALJ's decision cannot be said to fall outside the "available zone of choice."  *Casey v. Astrue*, 503 F.687, 691 (8th Cir. 2007) (internal citations and quotations omitted).

Plaintiff also argues that because Smith was a non-examining physician, reliance on his opinion does not constitute substantial evidence on the record as a whole.  However, Plaintiff's characterization is not complete.  It is true that "the record must include some medical evidence that supports the ALJ's residual functional capacity finding."  *Dykes v. Apfel*, 223 F.3d 865, 866-67 (8th Cir. 2000).  But "in evaluating a

3

claimant's RFC, an ALJ is not limited to considering medical evidence exclusively." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). Rather, "the Commissioner must determine a claimant's RFC based on all the relevant evidence including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Here, the ALJ did not rely just on Smith's opinion in formulating Plaintiff's RFC. Instead, the ALJ relied on Plaintiff's daily activities and on other medical evidence. This evidence was sufficient to support the ALJ's determination regarding Plaintiff's capabilities.

Plaintiff also faults Smith because he asserted that the medical evidence did not show a cause for Plaintiff's pain. However, Plaintiff's characterization of Smith's opinion is incomplete. Plaintiff takes this single comment in Smith's opinion out of context. Smith found Plaintiff suffers from the medically determinable impairment of osteoarthrosis and allied disorders. R. at 59. Smith then concluded that this medically determinable impairment could reasonably be expected to produce Plaintiff's pain and other symptoms. R. at 60. But Smith stated that he did not find Plaintiff's statements regarding the severity of her pain credible. He based this finding on Plaintiff's daily activities and the medical evidence of Record. *Id.* Thus, Smith determined that Plaintiff experienced pain due to osteoarthrosis and allied disorders, but that Plaintiff did not experience this pain to the degree she claimed.

Finally, Plaintiff contends that Smith's opinion is not well-supported because it is presented in checklist form with occasional citations to medical evidence. The Court's review of Smith's opinion reveals that Plaintiff's description is inaccurate. R. at 56-64. Instead, Smith includes several detailed explanations supporting his opinions.

C.

Plaintiff contends the ALJ failed to properly assess her credibility. In assessing Plaintiff's credibility, the critical issue is not whether Plaintiff has functional limitations, but rather the extent of her functional limitations. *House v. Shalala*, 34 F.3d 691, 694 (8th Cir. 1994). The familiar standard for analyzing claimant's subjective complaints of pain is set forth in *Polaski v. Heckler*. 739 F.2d 1320 (8th Cir. 1984). While the ALJ did

4

not cite *Polaski* in his analysis, which is the Eighth Circuit's "preferred practice," the ALJ cited to 20 C.F.R. 404.1529, and the requirements found therein "largely mirror the *Polaski* factors." *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007).

The ALJ determined Plaintiff's subjective complaints were not credible for several reasons. The ALJ found that Plaintiff received conservative treatment for her condition, Plaintiff left her previous job for reasons other than her alleged disability, Plaintiff participated in daily activities that were inconsistent with her stated limitations, and Plaintiff engaged in part-time work.

Plaintiff takes issue with the last two factors. Plaintiff reports her daily activities include doing laundry, babysitting grandchildren, running errands, making phone calls, and driving. R. at 45-47. These types of daily activities are inconsistent with Plaintiff's reports of disabling pain. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011); *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009). Further, Plaintiff stated she helped out in a flower shop, which she co-owns, approximately once a month. R. at 38-39. Plaintiff also works for her husband's construction business, which she co-owns. There, she does billing and bookkeeping for three to five hours each week. R. at 28. The ALJ may consider Plaintiff's part-time work in assessing her credibility. *Tindell v. Barnhart*, 444 F.3d 1002, 1006 (8th Cir. 2006).

Finally, Plaintiff's daily activities and part-time work were only two of many factors the ALJ considered in assessing Plaintiff's credibility. Given the numerous reasons the ALJ cited, the Court finds that the credibility assessment is supported by substantial evidence in the Record. The task of weighing credibility factors falls on the ALJ, not the District Court. *E.g. Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). The ALJ provided good reasons for discounting Plaintiff's credibility consistent with *Polaski*. Accordingly, the ALJ's decision is entitled to deference. *E.g.*, *Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir. 2012).

## IV. CONCLUSION

The Commissioner's final decision denying benefits is affirmed.

IT IS SO ORDERED.

DATE: November 23, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT